**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CLARENCE H. NOREM,

                    Plaintiff,                         Case Number: 04-40366

v.                                             HONORABLE PAUL V. GADOLA

MARGIE MCNUTT and JAMES
QUINLAN,

                    Defendants.

_____/

## <u>ORDER OF SUMMARY DISMISSAL</u>

Plaintiff Clarence H. Norem, a state inmate currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state

---

[1]      28 U.S.C. § 1915(e)(2) provides, in pertinent part:

     Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
     . . .
     (B) the action or appeal –
     . . .
     (ii) fails to state a claim upon which relief may be granted . . .

a claim upon which relief may be granted.

In his complaint, Plaintiff argues that defendants, members of the Michigan Parole Board, improperly denied him release on parole. Plaintiff argues that he was denied parole based upon the fact that he exercised his right to appeal his conviction.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner may not challenge the reliability and legality of his confinement under § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. See also Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

The Sixth Circuit Court of Appeals clarified the correct application of Heck in Dotson v. Wilkinson, 329 F.3d 463 (6th Cir. 2003) (en banc), cert. granted 124 S. Ct. 1652 (2004).

The Sixth Circuit held that, a prisoner may not challenge a parole proceeding in a section 1983 action if the challenge, were it to be successful, would necessarily imply the invalidity of his continued confinement.  Id. at 472.  In contrast, a prisoner may challenge a parole proceeding in a § 1983 action where the prisoner:

> does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted.

Id.  The Sixth Circuit further reasoned:

> [A]n incarcerated person obviously seeks to be released from confinement.  A prisoner cares not a whit as to how that happens, but this court must care.  We do not read into a legal claim what we know on a human level is realistically there: a prisoner who objects to his confinement may nevertheless raise a section 1983 claim, a legal claim, if his due process rights have been violated and the challenge does not *necessarily* implicate the []validity of his continued confinement.

Id. at 472.

In Dotson, a prisoner filed a § 1983 claim arguing that his rights were violated when a single parole board member conducted his initial parole hearing rather than the minimum two-member panel required by the Ohio Code.  The Court of Appeals held this claim was properly filed under § 1983 because the success of his claim would result in a new hearing, not necessarily in his release on parole.  Id. at 470-71.

In this case, Plaintiff purports to challenge the procedures used during the parole

process rather than the denial of parole.  However, the substance of his complaint clearly challenges the denial of parole.  Specifically, he claims that the parole board's basis for denying him parole was improper.  The parole board's decision has not been invalidated.  Thus, Plaintiff's claims are not cognizable under § 1983, and this Court must dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 42 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

s/Paul V. Gadola
PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

DATE:   May 13, 2005

---

Certificate of Service

I hereby certify that on    May 13, 2005    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:       Clarence H. Norem            .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845